944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Antonio QUEZADA, Defendant-Appellant.
 No. 91-5004.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1991.
Decided Sept. 30, 1991.
As Amended Oct. 24, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CR-90-38-NN)
 Argued: Sterling H. Weaver, Sr., Portsmouth, Va., for appellant; William Graham Otis, Office of the United States Attorney, Alexandria, Va., for appellee.
 On Brief: Henry E. Hudson, United States Attorney, Charles D. Griffith, Jr., Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Juan Antonio Quezada was convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and of travelling in interstate commerce in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). Appellant argues that the district court erred in concluding that his consent to the search of his hotel room was voluntary and in denying his motions for a judgment of acquittal based on the alleged insufficiency of the evidence.
 
 
 2
 The district court's finding that appellant's consent was voluntary must be affirmed unless it is clearly erroneous. United States v. Mendenhall, 446 U.S. 544, 558 (1980). Whether consent is voluntary is determined on the basis of the totality of the circumstances surrounding the giving of consent. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Moreover, a court's evaluation of the totality of the circumstances is based, not on the perceptions of the individual searched, but on the coerciveness of the officer's conduct in obtaining the consent. Colorado v. Connelly, 479 U.S. 157, 163-67 (1986). In other words, the relevant question is not whether the person whose consent is sought perceived coercion but, rather, whether there actually was coercion.
 
 
 3
 Viewed in this light, we conclude that the district court's finding that the consent was voluntary is not clearly erroneous, for appellant presented no evidence of police coercion. Consent was obtained by Sgt. James R. Moodey of the Suffolk Police Department. He spoke with appellant after appellant's arrest, in the parking lot of the hotel at which the arrest was made. Knowing that appellant's primary language was Spanish but that he spoke some English, Sgt. Moodey--talking "real slow" to ensure that appellant understood him--identified himself and asked if he could search appellant's hotel room. In response, Sgt. Moodey testified, appellant shook his head in agreement, motioned with his head in the direction of his room, and indicated which room was his. When asked if he understood, appellant nodded his head. Sgt. Moodey then removed the room key from appellant's pants pocket. In light of this uncontradicted testimony--appellant did not testify or present any other evidence on the question of voluntariness of consent--we cannot say that the district court's determination was clearly erroneous.
 
 
 4
 After reviewing the record and the parties' briefs and hearing oral argument, we conclude that sufficient evidence was presented to the jury to sustain appellant's convictions.
 
 The judgment of the district court is
 
 5
 AFFIRMED.